CORNWELL *vs.* WOOLLEY, executrix, &c.

47b 327
f48ad509

Although a subscribing witness to a will, to whom a legacy is given therein, is in fact examined as a witness on proving the will, before the surrogate, yet if it was unnecessary that he should have been examined (he being, at the time of the testator's death, a non-resident of the state,) the legacy does not become void, under the provisions of the statute. (2 *R. S.* 65, § 50.)

That provision applies only where the will can not be proved without the testimony of such witness, and where he can be compelled to testify respecting the execution of the will, in the same manner as if no devise or bequest had been made.

The object of the provision was to secure the benefit of the witness' testimony to the other parties entitled to take under a will, when it was indispensable and could be compelled.

THIS was an action brought by the plaintiff, as assignee of Joel Parker, against the defendant as executrix of Isaac M. Woolley, deceased, to recover the amount of a legacy of $1248, given to said Joel Parker by the will of said Woolley. The court found the following facts: 1. That Isaac M. Woolley, departed this life, leaving his last will and testament, which was duly admitted to probate by the surrogate of the city and county of New York; that the will contained a legacy to Joel Parker, amounting to $1248. 2. That Joel Parker duly assigned his claim as legatee, to the above plaintiff; and that the plaintiff, more than one year after letters testamentary were issued to the defendant, and before action commenced, demanded payment of said legacy, which was refused, the defendant having notice at the time of the assignment by Parker to the plaintiff, and the plaintiff tendering to the defendant the bond, executed and approved as in the complaint stated. 3. That at the time of the decease of said Isaac M. Woolley, said Joel Parker, was a non-resident of the state of New York, and resided at Newark, New Jersey, and has continued so to reside to the present time. 4. That there were but two subscribing witnesses to the will, namely, Joel Parker, the legatee named in said will, and Robert McKeon; and that such witnesses were the only persons present with the testator when the will was

executed. 5. That the said Joel Parker was produced and examined, on the probate of said will, before the surrogate.

The court found as conclusion of law, that the said legacy to Joel Parker was valid; and that the plaintiff, as assignee of Parker, was entitled to judgment therefor, with interest from July 2, 1864, and ordered judgment for the plaintiff therefor, with costs. To which conclusion of law, and decision of the court, the defendant duly excepted.

Judgment being entered for the plaintiff, the defendant appealed.

*M. C.* and *L. E. Riggs,* for the appellant.

*L. A. Fuller,* for the respondent.

*By the Court,* LOTT, J. It appears by the findings of the justice who tried this action, that Joel Parker, under whom the plaintiff claims the legacy in question, was a subscribing witness to the will by which it was bequeathed to him. It also appears that he was, at the time of the testator's death, a non-resident of the state.

Although he was examined as a witness, on proving the will, it was not necessary that he should have been examined. The examination of such of the subscribing witnesses, only, as reside in this state is required. (*Laws of* 1837, *ch.* 460, §§ 10, 17.) This was therefore not a case where a devise or legacy to a subscribing witness is declared to be void by section 50 of the statute regulating the execution and proof of wills. (2 *R. S.* 65.) That provision applies only where the "will can not be proved without the testimony of such witness," and where he can be compelled to testify respecting the execution of the said will, in the same manner as if no such devise or bequest had been made.

The object of the provision was to secure the benefit of his testimony to the other parties entitled to take under a will, when it was indispensable and could be compelled.

The People *v.* Cornell.

(*See Caw* v. *Robertson,* 1 *Seld.* 125.) It also contemplates a case where the witness, by reason of his interest, was incompetent to testify; for it provides, after declaring the legacy void, that he "shall be compellable to testify," &c.

As interest no longer renders a person incompetent as a witness, there is reason for the position of the plaintiff's counsel, that the section has no longer any application; but it is not necessary to decide that question.

Judgment affirmed.

[KINGS GENERAL TERM, December 10, 1866. *Scrugham, Lott, J. F. Barnard* and *Gilbert,* Justices.]