## CORNWELL *v.* WOOLEY.

### June, 1867.

Affirming 41 *Barb.* 200.

A beneficial provision in a will, in favor of the subscribing witnesses, is not rendered void by 2 *R. S.* 65, § 50, even where such witness was examined as such on the probate, if his examination was unnecessary,—*e. g.*, where he was a non-resident, and the will was sufficiently proved by the testimony of the other witness.*

* It was suggested by the supreme court in this case, that this provision is abrogated by the statutes removing the disqualification of interested witnesses. See also Pruyn *v.* Brinkerhoff, 7 *Abb. Pr. N. S.* 400.

Charles Cornwell sued Mathilda D. Wooley, surviving executrix of Isaac M. Wooley, in the supreme court, to recover a legacy given by the will to Joel Parker, and by Parker assigned to plaintiff. The defense was that the will was drawn and witnessed by Parker, and proved by his testimony; and that the legacy was therefore void under the statute.

On the trial it appeared that the plaintiff's assignor, Joel Parker, was one of the witnesses to the will, and resided out of the State at the time it was proved. There was one other subscribing witness. On the examination before the surrogate of such other witness, Robert Keon, he testified to all the facts necessary to constitute the execution of the will; that the subscription to the will was made by the testator in the presence of the witnesses; that at the time of making it he declared the instrument to be his will; that he requested each of the witnesses to sign it as such; and that each of them so signed it in the presence of the testator. The testimony of Mr. Parker was also taken, on the question of the mode of execution of the will.

*The supreme court,* on the authority of Caw *v.* Robertson, 5 *N. Y.* (1 *Seld.*) 125, held that the legacy was valid, and gave judgment for plaintiff. (Reported in 47 *Barb.* 327.) Defendant appealed to this court.

*M. C. Riggs,* for defendant, appellant;—Insisted that proof of the signature of a necessary witness was within the statute; citing *Dayton on Surrogates,* 162, 115; Jauncey *v.* Thorne, 2 *Barb. Ch.* 60; Brinckerhoff *v.* Remsen, 8 *Paige,* 499; The same *v.* The same, 26 *Wend.* 338; Chaffee *v.* Bap. Miss. Conv., 10 *Paige,* 91; Butler *v.* Benson, 1 *Barb.* 538; 2 *Bradf. Surr.* 226; Orser *v.* Orser, 24 *N. Y.* 51.

*L. A. Fuller,* for plaintiff, respondent.

HUNT, J.—The statute upon this subject is as follows: " If any person shall be a subscribing witness to the execution of any will, when in any beneficial devise, legacy, interest, or appointment of any real or personal estate, shall be made to such witness, and such will cannot be proved without the testimony of such witness, the said devise, &c., shall be void, so far only

as concerns such witness, or any claiming under him; and such person shall be a competent witness, and compellable to testify respecting the execution of the said will, in like manner as if no such devise or bequest had been made." 2 *R. S.* 65, § 50. The provisions of the statute respecting the execution of a will are as follows: Every last will and testament shall be executed and attested in the following manner: 1. It shall be subscribed by the testator at the end of the will; 2. Such subscription shall be made in the presence of attesting witnesses, &c.; 3. The testator shall make certain declarations; 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will, at the request of the testator. 2 *R. S.* 63, § 40.

There being but two witnesses to the will, including the legatee, it is manifest that his name is indispensable to the due execution thereof.

The statute which regulates the proof of wills, bearing upon the present point, is as follows: " When any one or more of the subscribing witnesses to such will shall be examined, and the other witnesses are dead, or reside out the State, or are insane, then such proof shall be taken of the handwriting of the testator, and of the witness or witnesses so dead, absent, or insane, and of such other circumstances as would be sufficient to prove such will on a trial at law." 2 *R. S.* 58, § 13. " If it shall appear upon the proof taken, that such will was duly executed; that the testator at the time of executing the same was in all respects competent to devise real estate, and not under restraint, the said will and the proofs and examinations so taken shall be recorded in a book to be provided by the surrogate, and the record thereof shall be signed and certified by him." *Id.* § 14.

Other sections provide that the record of the same shall be competent evidence in all the courts of the State.

It has long been the settled law of this State, that the execution of a will may be proved, on a trial at law, by one witness, if he is able to prove its perfect execution. Jackson *v*. Vickory, 1 *Wend.* 415. It is manifest that it is not indispensable in all cases that both the subscribing witnesses to the execution of a will should appear before the surrogate to establish its execution; as, when one of the witnesses is dead, or resides out of

the State, or is insane. In such case the will may be established before the surrogate "without the testimony of such witness," and by the testimony of the remaining witness. In the present case, Parker was a non-resident of the State, and was within the exceptions mentioned. If the remaining witness was competent to prove the complete execution of the will,—that is, its subscription and acknowledgment by the testator, and its attestation by the two witnesses in his presence, and at his request,— the will was sufficiently proven under the statute. No objection was made on this ground, and upon an examination of the evidence of the remaining witness it appears to have been full and complete.

The appellant claims that the expression, "without the testimony of such witness," should not be confined to the bearing witness or giving evidence by such subscribing witness, in the ordinary sense of those words, but was intended to include all evidence that such person was a witness or took any part in the transaction. The expression in section 13, which I have quoted, that proof should be taken of the handwriting of the witness, of the testator, and of other circumstances sufficient to prove the will on a trial at law, and the necessary evidence on such trial at law, rebut this idea.

The will could have been proved without the testimony of Parker. The devise to him, does not, therefore, become void, and the present action is well brought.

The judgment below should be affirmed.

SCRUGHAM, J. [After stating briefly the facts.]—As Mr. Parker resided out of the State, this examination of Mr. Keon having been had, no other testimony was necessary to the proof of the will, except proof of the handwriting of the testator, and of the non-resident witness, Joel Parker, (2 R. S. 58, § 13); and, therefore, as the will could have been proved without the testimony of Joel Parker, the legacy to him is not void. 2 R. S. 65, § 50; Caw v. Robertson, 5 N. Y. (1 Seld.) 125.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.