In re OWEN.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

WILLS—WITNESS TAKING UNDER WILL—LEGATEES.

    2 Rev. St. p. 65, § 50, declares that, where a subscribing witness to a will is also a legatee, and such will cannot be proved without his testimony, the legacy shall be void as to him and others claiming under him. Code Civ. Proc. § 2618. requires that at least two of the subscribing witnesses to a will be examined, if within the state, and competent to testify, and that a third subscribing witness need not testify unless compelled by parties contesting the will, who must first file notice with the surrogate requiring examination of all the subscribing witnesses. *Held*, that where there were three subscribing witnesses, one of whom was a legatee, and no notice by any contestant was filed requiring examination of such legatee as a witness, the fact that he testified in the proceedings to establish the will in addition to the other two did not deprive him of his legacy thereunder.

Appeal from surrogate's court, Kings county.

Application by George B. Owen, as executor, under the will of David F. Beck, deceased, for judicial settlement of his accounts as executor. From a decree of the surrogate (56 N. Y. Supp. 853) judicially settling his accounts, Helen Kay and others, contestants, appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Robert Stewart, for appellants.
Peter B. Olney, for respondent executor.

WILLARD BARTLETT, J. The history of this case prior to the present accounting of the executor is set forth in the opinion of Mr. Justice Cullen on the appeal admitting the will of David F. Beck to probate. In re Beck's Will, 6 App. Div. 211, 39 N. Y. Supp. 810, affirmed on opinion below, 154 N. Y. 750, 49 N. E. 1093. The proceeding which we are now called upon to review is an accounting by George B. Owen as executor, and the principal question involved is whether he has lost the legacy and devise which he would otherwise take by reason of the fact that he was one of the subscribing witnesses to the will, and testified in the probate proceeding. The will was witnessed by three persons: Richard J. Slandorff, residing in Brooklyn; Harry G. Parrish, also residing in Brooklyn; and George B. Owen, residing at Winsted, Conn. Upon the application for probate Messrs. Slandorff, Parrish, and Owen testified in the order mentioned. Evidence was then given in behalf of the contestants, and both parties rested. The surrogate held that the identity of the testator was not sufficiently established without the testimony of Mr. Owen, and reopened the proceeding, in order that the proponent might establish such identity by further proof, if he so desired. Further proof was subsequently given, and the testimony of Mr. Owen was stricken from the record by the surrogate, but restored by this court, as appears from the opinion on the first appeal already cited. The appellants insist that Mr. Owen has lost the legacy and devise which he would otherwise take under the will by virtue of the operation of this provision of the Revised Statutes:

"If any person shall be a subscribing witness to the execution of any will, wherein any beneficial devise, legacy, interest or appointment of any real or personal estate shall be made to such witness, and such will cannot be proved without the testimony of such witness, the said devise, legacy, interest, or appointment, shall be void, so far only as concerns such witness, or any claiming under him; and such person shall be a competent witness, and compellable to testify respecting the execution of the said will, in like manner as if no such devise or bequest had been made." 2 Rev. St. p. 65, § 50.

As has already been pointed out, there were three subscribing witnesses to the will, including Mr. Owen. Though all were in fact examined, there was no statutory provision requiring the examination of more than two. Section 2618 of the Code of Civil Procedure provides that, before a will is admitted to probate, two, at least, of the subscribing witnesses must be produced and examined, if so many are within the state, and competent and able to testify. Where there is a third subscribing witness, it is not essential that he should testify, unless he is compelled to do so by the action of the parties contesting the will. The language of the latter portion of the section is:

"Any party, who contests the probate of the will, may, by a notice filed with the surrogate at any time before the proofs are closed, require the examination of all the subscribing witnesses to a written will, or of any other witness, whose testimony the surrogate is satisfied may be material; in which case, all such witnesses, who are within the state, and competent and able to testify, must be so examined."

In the present case no such notice requiring the examination of all the subscribing witnesses was filed by the contestants; so that

it was not essential to the admission of the will to probate that more than two of the subscribing witnesses should be examined, unless their testimony, together with such other evidence as might be offered, failed to satisfy the surrogate of the due execution of the will. Upon this state of facts, I do not see how the case can be distinguished in principle from Cornwell v. Woolley, 47 Barb. 327, affirmed in 1 Abb. Dec. 441. That case arose in this district, and related to the will of one Isaac M. Woolley, which contained a legacy to Joel Parker. There were but two subscribing witnesses to the will, one of whom was Parker, who was a nonresident of the state of New York. Both subscribing witnesses were examined before the surrogate on the proceeding for the probate of the will. At that time the statute required an examination only of such of the subscribing witnesses as were living within this state; so that the examination of Parker, though quite proper, was not necessary. It was held, therefore, that, inasmuch as the will could have been proved without his testimony, the fact that Parker had been called and had given evidence in support of the will did not deprive him of his legacy thereunder. The further proof that was taken herein after the case was reopened by the surrogate amply sufficed, in my opinion, to establish the fact that the person who executed the will in the presence of Messrs. Slandorff and Parrish was David F. Beck; and, taking all the evidence together, exclusive of that given by Mr. Owen, I think it is perfectly clear that the will could have been proved without his testimony. If so, I am unable to see why he cannot take under the will, just as well as Parker could under the will which was before the court in Cornwell v. Woolley, supra. The test established by the statute is the provableness of the will without the testimony of a subscribing witness to whom a legacy or devise is given. I cannot see that it matters in the least what the reason is why the will happens to be provable without his testimony. If the proof suffices to establish the due execution of the will, excluding from consideration anything and everything that he may have sworn to in the probate proceeding, the statute does not invalidate the testamentary gift to him. For these reasons I am in favor of affirming the surrogate's decree.

Decree of the surrogate's court of Kings county affirmed, with costs, payable out of the fund. All concur, except HIRSCHBERG, J., not sitting.