Matter of the Estate of STEPHEN D. TACTKIAN, Deceased.

(Surrogate's Court, New York County, December, 1919.)

Wills — construction of — legacy to subscribing witness — trusts — to whom letters testamentary may be issued — residuary estates.

Where it is not clear what testator meant by a direction that certain trust funds should be applied for the foundation of a Universal Journal or for any other enterprise aiming at the elevation and improvement of mankind, the attempted trust is invalid because too indefinite to be susceptible of proper execution, the Universal Journal being neither a charitable nor benevolent enterprise.

A legacy to one of three subscribing witnesses to a will who gave testimony in support of the will is not affected when the testimony of the two other witnesses is sufficient to warrant the admission of the will to probate.

Surrogate's Court, New York County, December, 1919.　[Vol. 109.

Where though no person is named as executor of a will the intention of the testator that a certain person named therein shall be the executor according to the tenor of the instrument, is sufficiently clear, letters testamentary will be issued to said person.

Where by later provisions of a will it appears that a bequest of the income of a residuary estate to the mother of testator was only after certain other legacies and mementos were given to friends of the testator, the fact that said legacies came after the complete disposition of the residuary estate by earlier provisions of the will, is insufficient to defeat them.

The debt of the subscribing witness to whom a legacy was given and the legacies given by the later provisions of the will should be disposed of before the residue is set up in trust for the testator's mother.

Proceeding upon the construction of a will.

Stoddard & Mark (John M. Stoddard, of counsel), for proponent.

Dicran Simsarian (Harold E. Lippincott, of counsel), for contestant.

Fowler, S.　This is a construction of the will of the above named testator which was reserved for consideration at this time in the decree admitting the will to probate.

The first question presented is as to the validity of the trust attempted to be created by the fourth article of the will, which reads as follows: " Upon the death of my mother the property of my possessions in trust shall be handed over to Mr. Jose Castellot, so that the funds shall be used for the foundation of a Universal Journal or of any other enterprise which shall have for its purpose the betterment and improvement of the conditions of suffering mankind in general or in particular."

It appears that article four cannot be held valid as a charitable trust because it does not state the purpose

and object of the trust attempted to be created with sufficient certainty to be carried out, and because the funds may possibly be used for a private and not a public use. The funds are first directed to be applied for the foundation of a Universal Journal, and it is anything but clear what the testator means by this. The Universal Journal does not appear to be a charitable or benevolent enterprise. It might be possible, therefore, for the trustee to devote the entire funds for purposes other than public charity. The trustee named in his memorandum states that he realizes that the residuary estate is too meagre to warrant the launching of any publication such as the testator had in mind, and that he is loath to assume the responsibility of selecting as the beneficiary of the proposed trust " any other enterprise aiming at the elevation and improvement of mankind." It is too indefinite to be susceptible of proper execution. I therefore hold that this attempted trust is invalid. *Matter of Shattuck*, 193 N. Y. 446; *Matter of MacDowell*, 217 id. 454.

The next question presented is as to the right of Mrs. Palmer to take the legacies bequeathed to her for the reason that she was a witness to the will. There are, however, three witnesses to this will, and the will was sufficiently proved by the testimony of the two other subscribing witnesses thereto, and the bequest to her is not invalidated by her additional testimony in support of the will. The statute provides that the interest of any beneficiary under a will shall be void when " such will cannot be proved without the testimony of such witness." But where there are three witnesses to a will and the testimony of two is sufficient to warrant the admission of the will to probate, the legacy to the third witness is unaffected. *Matter of Owen*, 48 App. Div. 507.

Surrogate's Court, New York County, December, 1919.    [Vol. 109.

Another question is presented as to whether or not
Mr. Jose Castellot is sufficiently named in the will as
executor and trustee to justify his qualification as
such. The will is inartificially drawn and no direct
nomination or appointment of an executor is made,
but there is a sufficiently clear and express intention
on the part of the testator that Mr. Castellot shall be
the executor according to the tenor. The testator in
the first part of the will states that the same is made
upon the eve of his departure for military duty in
the United States Army, '' and my good friend, Jose
Castellot, vice-president of the Urban Motor Company,
being in charge, as understood, with the carrying out
of the same.'' Further on, in article third of the will,
'' Mr. Jose Castellot is directed to constitute a trust
of all the remaining estate after the deduction of my
debts,   *   *   *  '' trust being for the benefit of the
testator's mother, and in the last paragraph there is
an appointment of a substitute executor upon the death
of Mr. Castellot in the following language: '' Upon
his death Mr. Horace Casasus be charged with the
carrying out of the provisions of this instrument.''
Letters testamentary will therefore issue to Mr. Jose
Castellot.

Another question is asked as to whether or not the
testator's mother, Madame Anna Mercedes Tactkian,
to whom is bequeathed the income of all the testator's
real and personal property after the deduction of the
debts, should take her legacy before certain other lega-
cies are paid. I think not. While the testator has,
by the second paragraph of the will, which is the first
dispositive paragraph, given the income on all the
residue of his property to his mother, and while she
is the principal beneficiary of his estate, it appears
that he intended nevertheless from the language of
the subsequent paragraphs of the will that this gift

of the residue to the mother was only after several other legacies and mementos were given to his friends, including Mrs. Palmer and the executor. The fact that these legacies followed the complete disposition of the residue in the previous articles of the will is not sufficient to defeat these subsequent legacies. Therefore the debt of Mrs. Palmer mentioned in article fifth of the will and the legacies contained in articles sixth and seventh should be disposed of before the residue is set up in trust for the testator's mother.

A decree may be submitted on notice construing the will in accordance with this opinion.

Decreed accordingly.