### Calvert, et al. v. Calvert, et al.

(Decided May 8, 1925.)

Appeal from Caldwell Circuit Court.

Wills—Devise to Attesting Witness, Who Testified when Will was Probated, Held Not Void when Will Provable Otherwise.—Under Ky. Stats., section 4836, making a devisee competent to prove

execution of will by destroying his interest thereunder, where will may not be otherwise proved, devise to attesting witness, who testified when will was probated in county court, held not void. though testimony was incompetent under Civil Code of Practice, section 606, where will could have been probated without his testimony.

R. W. LISANBY for appellants.

J. ELLIOTT BAKER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The plaintiffs below were unsuccessful, and are appellants here, and the successful defendants are the appellees. On November 1, 1920, Jane Calvert executed her last will and testament, by which the bulk of her estate was given to Hillman Calvert. The witnesses to this will were J. Elliott Baker and Hillman Calvert. On February 21, 1921, the execution of this will was proved by the oaths of J. Elliott Baker and Hillman Calvert, and it was admitted to probate by the Caldwell county court.

But for this will, the estate of Jane Calvert would have passed as follows: One-third to her daughter, the plaintiff, Sallie Calvert; one-third to her granddaughter, Fay Lyons Weaver; and one-third to her son, the defendant, Hillman Calvert. This litigation was begun by the plaintiffs' filing a petition asking for a settlement of the estate of Jane Calvert and a division of the real estate, alleging that by reason of Hillman Calvert's having attested the execution of the will, and having testified upon the probate thereof, the devise to him is void, and that Sallie Calvert, Fay Lyons Weaver and Hillman Calvert were each entitled to one-third.

In his answer, defendant says that it is true that he witnessed the execution of the will and testified when the will was probated in the county court; but that it was not necessary that he should so testify, as the other witness, J. Elliott Baker, was alive and present and testified, and the will could have been probated without his evidence. This litigation involves a construction of section 4836 of the Kentucky Statutes.

In the case of Doyle v. Brady, 170 Ky. 316, 185 S. W. 1133, this section was construed. That was a very similar case, except the beneficiary, Katie Doyle, did not testify in that case, whereas in this case, Hillman Calvert did testify, so the question here is: Is this devise void

because the beneficiary did testify or will it only become void in event that in order to probate the will the attesting devisee must testify? From the Doyle case, we see that if Hillman Calvert had not testified, this devise to him would be valid. From the same case, we know that it was not necessary that he should testify, and that the will of Jane Calvert could have been otherwise proved. As the will of Jane Calvert could have been otherwise proved, then this devise to him is valid even though he did testify.

Section 606 of the Civil Code, forbidding any witness to testify for himself concerning any act done by a person who is dead, when the testimony is offered, made Hillman Calvert's testimony incompetent to prove the execution of this will, but section 4836 of the statutes, by its provision, in case the will may not otherwise be proved, makes a devisee competent to prove the execution of a will by destroying his interest under the will, and thus when his interest is destroyed, and he is no longer testifying for himself, he is permitted to testify. It seems that the statute is plain enough. These excerpts from the Doyle case make it more so:

" . . . the penalty of losing his bequest, it seems to us, ought to be enforced against him only when his testimony is required to establish the will. . . . We are convinced that the statute was intended to mean what it says, when it says the bequest shall be avoided only if the will may not be otherwise proven."

In the case of Harl v. Vairin's Ex'r, reported in 175 Ky. 468, 194 S. W. 546, we again construed section 4836, and held that a witness may prove execution of a holographic will without rendering void the devise to the witness.

As said in the Doyle case, the New York statute is like our section 4836. In re Owens will, 62 N. Y. Sup. 919, 48 App. Div. 507, George B. Owens, an attesting witness to the will, and a devisee thereunder, was called as a witness and testified upon the probate of the will of David F. Beck, and it was held that, inasmuch as the execution of the will by Mr. Beck was amply proven by the testimony of Richard J. Slandorff and Harry G. Parrish, the other attesting witnesses, that Owens had not by testifying, lost the legacy given him under the will.

That court made a similar ruling In re ˙ Tactkian's Estate, 109 Misc. Rep. 519, 179 N. Y. Sup. 188.

Therefore, we conclude that the trial court ruled correctly when it held that Hillman Calvert's devise under this will was not void, and dismissed the plaintiffs' petition.

Judgment affirmed.