# CHARLESTON.

DAVIS *et al. v.* DAVIS *et al.*

Submitted February 4, 1897—Decided April 10, 1897.

WILLS—*Attesting Witness—Devise to Attesting Witness.*
　　If a will can be proved independently of the testimony of
　　an attesting witness beneficially interested therein, a devise
　　or bequest to such witness or her husband is not void. (p.
　　302.)

Appeal from Circuit Court, Wirt County.

Bill by J. A. Davis and others against George W. Davis
and others. From a judgment dismissing the bill, plain-
tiffs appeal.

*Affirmed.*

WM. BEARD and V. B. ARCHER, for appellants.

F. B. LOCKHART and CASTO & FLEMING, for appellees.

DENT, JUDGE :

J. A. Davis *et al.* complain of a decree of the Circuit
Court of Wirt county in the case of themselves against
George W. Davis, *et al.*, sustaining a demurrer to and dis-
missing their bill as without equity. The bill was filed for
the purpose of having two certain devises and legacies in-
cluded in the last will and testament of Charles W. Davis,
deceased, to Robert H. Davis and Delilah Davis, his wife,
both of whom are deceased, delared null and void, and to
have the personal property and real estate therein disposed
of, distributed, and partitioned among the heirs of said
testator. The grounds relied on to support the prayer for
such relief is that Delilah Davis, now deceased, was one of
the attesting witnesses to the will, and that, therefore,
under section 18, chapter 77, of the Code, the bequests to
herself and husband were void, while the will in all
other respects is valid. The validity of the will or probate
thereof is in no wise attacked by them, but because one of
the devisees placed herself in the attitude of being an at-
testing witness to an undisputed instrument, which she is
not called on to prove, both must be deprived of their in-
terests thereunder. Is this the meaning of law? Two at-
testing witnesses, competent at the time of the attesta-

tion, are required, or the will is void for want of proper execution. If Mrs. Davis—there being only one other attesting witness—was incompetent at the time of the attestation, then the will is invalid; for section 18, chapter 77, Code, which is in these words: "If a will be attested by a person to whom, or to whose wife or husband, any beneficial interest in any estate is thereby devised or bequeathed, if the will may not be otherwise proved, such person shall be deemed a competent witness; but such devise or bequest shall be void," *etc.*,—does not render a person competent at the time of the attestation of·the will, but only when called upon to prove the same. *Sullivan* v. *Sullivan*, 8 Am. Rep. 356. Appellants admit the attestation to be valid, but insist that it is only so for the reason that her disability to attest the will is taken away by destroying her interest therein; in other words, that she can be compelled to sustain the will for their benefit, although by so doing she destroy her legacy, and although the will might be otherwise proved; in other words, that it is the attestation that renders the legacy void, and not the fact that the will cannot be otherwise proved. For, according to their reasoning, even though the will can be otherwise proved, she being incompetent at the time of the attestation, the provisions made for herself and husband are void. In this manner they would nullify, not only the meaning, but the plain language, of the statute, as it was certainly intended that a valid will should not be held void, in any of its provisions, if established by disinterested testimony, and what the law deems sufficient. The only reasonable way to construe sections 3, 18, chapter 77, Code, is that the word "competent," as used in each one of them, refers to the separate time to which they relate,—the first, to the attestation; the second, to the proof of the will. Mrs. Davis was competent as an attesting witness. While she was interested in the will the testator was alive, and, if the question of the attestation had arisen during his life, they were both competent to testify in relation thereto. Hence the word "competency," in so far as it relates to an attesting witness, excludes the question of interest, and has reference to age, sanity, and moral integrity. As used in the eighteenth section in relation to the proof of the will, it has reference merely to the question of

beneficial interest; its object being to remove all motive
for false swearing or forgery, and also the incompetency
of the witness, occasioned by the death of the testator,
thus throwing on the benificiaries thereunder the burden
of sustaining the will independently of their own testi-
mony. If the will can be thus sustained, it is sustained
as a whole, and not in parts, and none of its provisions
are void, but all the benificiaries take under it, even
though the attesting witnesses were incompetent on ac-
count of interest.

In the case of *Blake* v. *Knight,* 3 Curtis 547, the
chancellor said: "The result to which I come is that the
court is not bound to have the positive affirmative evidence
of the subscribing witnesses." In the case of *Jesse* v.
*Parker,* 6 Grat. 57, Judge Allen says: "The law does not
prescribe the mode of proof, nor that the will shall be
proved as well as attested by a specific number of witnesses.
If such proof were to be required from each subscribing
witness, the validity of wills would be made to depend
upon the memory and good faith of a witness, and not
upon reasonable proof that all the requirements of the
statute had in fact been complied with." And in the case
of *Cheatham* v. *Hatcher,* 30 Grat. 56, Judge Staples says:
"It is a wise rule which authorizes the material facts to be
proved by one of the subscribing witnesses, or even by
other competent testimony. If it were otherwise, the
proof of a duly attested will might be defeated by the
forgetfulness or perjury of some of them." In the case of
*Webb* v. *Dye,* 18 W. Va. 376, it was held: "A will must
be subscribed, but need not be proven, by two attesting
witnesses." So the will under consideration could be
otherwise proven than by the evidence of Mrs. Davis,
whether she were living or dead, and there was no reason
for her husband to commit uxorcide to prevent his bequest
from being held void. If there was sufficient other legal
means of establishing a will, she could not be compelled
to be a witness against her own interest until these were
exhausted. She at least would be afforded the opportunity
of establishing the will by such other means or evidence.
The proof of her signature has no weight in determining
this question, as it was merely for the purpose of showing
that two competent attesting witnesses were present, and

witnessed the execution of the will. The will is fully established by the other attesting witness. It might have occurred that the will could not have been established without the evidence of Mrs. Davis, and in such case, to make her competent as against the heirs of the testator, her benefical interest would have to be avoided. Stating the converse of the proposition of the law, and it reads: "If a will attested by a person to whom, or to whose wife or husband, any beneficial interest in any estate is thereby devised or bequeathed, if the will may be otherwise proved, such person shall not be deemed a competent witness." If the word "competent," as here used, relates to the time of attestation, as claimed by the able counsel for the appellants, then a will attested by such person is void, although it may be otherwise proved. So the will, and not the special bequests, would be invalid because otherwise proved. This leads to absurdity. Following counsel's argument, the will, though invalid in its inception, could be rendered valid by destroying all other means of proof except that of the interested attesting witness. This, then, would exhibit great "inhumanity" on the part of the legislature, and "jeopardize the lives" of all non-interested witnesses, whether attesting the will or not. The legislature by such enactment did not intend "to confer any special favors," but its object was to preserve the common-law disabilities of interested witnesses, so far as not modified by statute; and therefore it rendered an interested person competent as an attesting witness, the testator being in life at the time, but incompetent as a proving witness, the testator being dead, if the will could be otherwise proved; and, if not, the competency of the witness, destroyed by the death of the testator, was restored by the destruction of interest, to prevent forgery and false swearing, as heretofore shown, and not to punish indiscretion on the part of an interested party. An insersested attesting witness merely runs the risk of losing all beneficial right under the will by reason of the statutory provisions. Such risk he has the right to take, and is not subject to forfeiture merely by reason thereof. The circuit court did not err in its conclusion, and its decree is affirmed.

*Affirmed.*