### Skinner, et al. v. Rasche, et al.

(Decided May 27, 1915.)

#### Appeal from Campbell Circuit Court.

1. Wills—Devise to Attesting Witness.—Where one of the attesting witnesses is a devisee under a will, and the will may be

proved by the other, whether the devise to such attesting witness is void under Kentucky Statutes, Section 4836, is not decided.

2. Wills—Contracts to Devise—Evidence.—Contracts to devise must be clearly established.

3. Wills—Contracts to Devise—Power of Testator to Dispose of Property.—A contract to devise does not prevent the making of gifts during the lifetime of the testator; but such gifts must be reasonable, absolute, bona fide, not testamentary in effect, and not made for the purpose of defeating the contract to devise nor having that effect.

4. Wills—Contracts to Devise—Enforcement of by Beneficiary.—A contract to devise may be enforced by fastening a trust in the property of the decedent, in the hands of heirs, devisees, personal representatives, or others holding the property with notice of the contract or as volunteers.

5. Wills—Contracts to Devise—Contract by Married Woman Under Disability Confirmed on Removal of Disability.—Where a married woman being under disability, made a contract to devise which after the enactment of the Weissinger Law and consequent removal of her disability, she reiterated and confirmed, upon a continuing consideration, the same may be enforced.

HORACE W. ROOT, JOHN M. LASSING and MATT MOORE for appellants.

L. J. CRAWFORD, ARTHUR C. HALL and RASCHE & MELCHING for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

This is a controversy between James A. Rasche and Mary Ellen Skinner, nee Clayton or Kennedy, over the estate of John E. Clayton and Bedelia Clayton, deceased.

The plaintiff, Rasche, is a grandson of a brother of Mrs. Clayton, while the defendant, Mrs. Skinner, is a niece of the Claytons, being the daughter of another brother of Mrs. Clayton. The two are the sole surviving heirs-at-law of the Claytons, who were childless.

John E. Clayton made a will on March 7, 1872, which he confirmed by a second execution thereof on April 30, 1906, devising all his property to his wife, Bedelia. In 1892, however, he conveyed to his wife all his real estate, and at the time of his death he owned no real estate except a certain city lot in Dayton, No. 142, which he acquired on July 8, 1898. He died April 2, 1912. On April 8, 1912, Mrs. Clayton made a will devising all her property to her niece, the appellant, Mary Ellen Skinner. Mrs. Clayton died April 19, 1912. Her will was shortly thereafter duly probated in the Campbell County Court.

On September 9, 1913, Rasche instituted this suit in equity in the Campbell Circuit Court, seeking to set aside the will in so far as it devised to Mary Ellen Skinner more than the one-half of the property which she would have inherited had Mrs. Clayton died intestate, and to recover one-half of the real estate and personal property which came to the hands of the defendant.

The plaintiff rested his right and claim to the relief sought upon the fact that Mary Ellen Skinner was one of the attesting witnesses of Mrs. Clayton's will, and that, therefore, under Section 4836, Kentucky Statutes, the will was void in so far as it devised to her more than half of the property.

As to this question, counsel for Mrs. Skinner upon this appeal apparently concede the correctness of plaintiff's contention. The matter has never been directly passed upon by this court; but there is some respectable authority to the effect that where, as in this case, the will may be proved by the other attesting witness, the devise to an attesting witness is valid. 40 Cyc., 1061, note 30; and see Davis v. Davis, 43 W. Va., 300, on a statute exactly the same as ours; and see Bruce v. Shuler, 108 W. Va., 670, 35 L. R. A. (N. S.), 686, criticising the Davis case.

However, in view of the conclusions which we have reached upon the whole case, we find it unnecessary to consider carefully or to decide upon the validity of the devise.

The defendant, by answer and cross-petition against the plaintiff and administrator with the will annexed of John E. Clayton and Bedelia Clayton, asserted that in 1870, when she was but a child, a contract to devise was entered into between the Claytons and defendant's parents, whereby in consideration of the surrender of parental control of her to the Claytons, they agreed to educate, clothe, maintain and rear her, and at their death to devise to her all their property; that the will of Bedelia Clayton and devise to her was made in execution and performance of that contract; and that while the same was not operative as a will because of the defect in attestation, yet the contract having been fully performed on her part, she is entitled to the property so devised.

The value of the property was fixed by the pleadings of plaintiff at $14,500; and defendant prayed to be adjudged a lien thereon to the extent of its value.

Plaintiff thereupon filed reply traversing the allegations of the cross-petition as to the contract to devise; and issue being joined thereon, a trial by jury was had by consent of the court and parties. Just why this was done the record does not show. A motion for trial by jury was made by the defendant, and agreed to by the plaintiff.

At the conclusion of the evidence, the trial court sustained the motion of plaintiff for a directed verdict in his behalf as to the real estate owned by Bedelia Clayton at the time of her death, except Lot 142 which she took under the will of her husband. The court then instructed the jury on the contract to devise, and told them that if they found the contract to have been made, to return a verdict for defendant against the estate of John E. Clayton, in the sum of $1,000; this was the value of Lot 142 as fixed by the pleadings, that lot being the only real estate owned by John E. Clayton at the time of his death.

The jury found for the defendant, thus establishing the contract to devise; and judgment went in favor of the defendant and cross-petitioner, against the administrator with the will annexed, of John E. Clayton, for $1,000.

Defendant then entered motion for judgment against the estate of Bedelia Clayton in the sum of $13,500, the value as fixed by the pleadings, of her real estate other than Lot 142. This was overruled.

The court then rendered judgment declaring the plaintiff and defendant sole heirs-at-law and joint owners of the real estate involved, and its indivisibility being admitted by the pleadings, ordered a sale thereof.

Defendant appeals, and plaintiff prosecutes a cross-appeal.

1. As to the contract to devise, a jury has found the contract as claimed by the defendant; and we shall not go into details in respect thereof. It was shown that the parents of Mary Ellen Skinner (then Kennedy) from the time of their marriage had been living with the Claytons, and that both the Claytons had become very much attached to Mary Ellen; that when the Kennedys were preparing to move away into a home of their own, the Claytons being reluctant to part with Mary Ellen, who was then about five years of age, entered into an agreement with the Kennedys that if they would permit Mary Ellen to remain in the Clayton home, they

would rear her as their own child, and at their death, give her all their property. Mary Ellen thereafter lived with her aunt and uncle; they caused her to be educated in the common schools and in the high school in Cincinnati; caused her to be instructed in musical accomplishments; bought for her an excellent piano. When she had grown to womanhood and after reaching her majority, she married, and thereafter she and her husband made their home with the Claytons until their death.

2.    Contracts to devise must be clearly established. Brewer v. Heironymous, 19 R., 646, 41 S. W., 310. But we think the evidence in this case conforms to the rule; and that the jury so thought is shown by their verdict.

3.    It is the contention of the plaintiff that even conceding that John E. Clayton made the contract to devise, he in his lifetime conveyed all his real estate here involved to Bedelia Clayton; and that this was not a breach of his contract to devise for the reason that the contract to devise did not take from him the right to dispose of his estate by gift or otherwise during his lifetime.

The weight of authority is that a contract to devise does not prevent the making of gifts during the lifetime of the promisor; but such gifts must be reasonable, absolute, bona fide; not testamentary in effect, and not made for the purpose of defeating the contract to devise, nor having such effect. 20 L. R. A. (N. S.), 1154, and note.

As was said in Bruce v. Moon, 57 S. C., 60, 35 S. E., 415: "To say that a person has fulfilled his agreement to give to another all his property at his death in consideration of valuable services performed, by making his will in accordance with such agreement and then to turn around and annul and effectually destroy such testamentary provision by conveying away all of his property to another, leaving nothing whatever upon which the will could operate, would be but keeping the word of promise to the ear, and breaking it to the hope."

Now, the conveyance made by Clayton to his wife included all the real estate then owned by him and he never acquired any thereafter except Lot 142, worth $1,000. He had, twenty years before the execution of that deed, made a will devising all his property to his wife. The conveyance was therefore testamentary in effect. We do not think, however, that it was made for the purpose of defeating the contract to devise. On the contrary, neither the deed nor the will of John E. Clayton

was inconsistent with such contract to devise. Mary Ellen Skinner was to have their property at their death; it was immaterial to her which one of them held it during their lifetime; and as a matter of fact, they devised it in exact accordance with their contract to devise, with the exception of the failure to have two competent attesting witnesses (if Mary Ellen Skinner was not herself competent), to Bedelia Clayton's will.

Bedelia Clayton of course had knowledge of the contract to devise; and with this knowledge, she took the conveyance from her husband as well as the devise from him, impressed with a trust which imposed upon her the duty of conveying or devising it in accordance with the contract to devise. Nor did she attempt to shirk or depart from that contract. But for the manner of the attestation of her will (and that is a matter concerning which we attribute to her no fault), she did in fact perform the contract to devise as made by her deceased husband.

But, had she sought in any wise to evade performance thereof and attempted to make disposition of the property so received by her, otherwise than in accordance with the provisions of that contract, it would have been unavailing. The rule is well settled that a contract to devise may be enforced after the death of the promisor by fastening a trust upon the property, in the hands of heirs, devisees, personal representatives, or others holding the property with notice of the contract or as volunteers. 36 Cyc., 736, and cases cited; see also Teske v. Dittenberner, 70 Neb., 544, 98 N. W., 57, 113 A. S. R. and 101 A. S. R., 614.

The mere statement of this doctrine demonstrates the fallacy of the contention of plaintiff that Bedelia Clayton became the absolute owner of the realty conveyed to her by her husband, and that therefore having been in 1870 a married woman and incompetent to contract, the property cannot be reached under her husband's contract to devise.

Nor may it be contended that her will may not be considered as evidence of her purpose to perform the contract to devise. It is true that a void will which has been denied probate, may not be received as evidence for any purpose. Section 4852, Kentucky Statutes. But the will of Bedelia Clayton was not a void will. It was a valid will, and had been duly probated upon the oath of both of the attesting witnesses; and while under Section 4836, Kentucky Statutes, a devise to an attesting

witness is void if the will may not be otherwise proved, and while the purpose of the will might be thus defeated, still the will would be valid and admissible in evidence.

4. At the time of her death, Bedelia Clayton was the owner of two lots in Dayton, which she had acquired by purchase in 1871. It is contended by plaintiff that she, being a married woman in 1870, was incompetent to contract, and that therefore this property was not subject to any contract to devise.

But after the enactment of the Weissinger law, she reiterated and confirmed her contract to devise, as shown by the evidence. It is said by plaintiff in answer to this that there was no new consideration for the promise made after discoverture or removal of disability, and that under the rule of Holloway's Assignee v. Rudy, 22 R., 1406, 60 S. W., 650, the subsequent promise was void. But the promise there involved was one of suretyship for the husband of the promisor; while in the case at bar, it was shown that Mary Ellen Skinner lived with Mrs. Clayton until her death at the age of seventy years; that Mrs. Clayton during the latter part of her life was an invalid, and had the constant care and companionship of Mrs. Skinner. This constituted a continuing consideration, and was sufficient to support the ratification or new promise.

5. There remain only questions of procedure. Appellant seems to take the view on appeal that the cross-petition filed by her sought to fasten a trust upon the property of which Mrs. Clayton died seized, and thereby to obtain a performance of the contract to devise. Appellee takes the position that the cross-petition was an action to recover compensation for the breach of the contract to devise. See McGuire v. McGuire, 11 Bush 142. Either of these remedies may be pursued by one in whose behalf such a contract had been made, where there has been a breach thereof.

The prayer of the cross-petition was that the cross-petitioner be adjudged a lien on the real estate involved, to the extent of its value as fixed in the petition, $14.500. The petition being in equity, we think the effect of the cross-petition was merely to assert claim to the property by virtue of the contract to devise, and to seek to hold it by fastening a trust upon it.

There was really no intended breach of the contract to devise; whatever breach there was (if any) arose from the failure of proper attestation of the will

of Bedelia Clayton and the operation of the statute thereupon.

Under this state of case, we are of the opinion that the issue presented upon the cross-petition was cognizable in equity; and that the submission of the question of contract or no contract to the jury, was equivalent to an issue out of chancery.

Therefore, when the jury found for the defendant upon that issue, it was the duty of the chancellor to have rendered a judgment for defendant, declaring all the property involved to be hers in virtue of the contract to devise.

For the reasons given, the judgment is reversed on both the original and cross-appeals, with directions to enter a judgment in conformity herewith.