R. M. CARTER *v.* JOHN W. WALKER, *et al.*

(No. 8822)

Submitted February 7, 1939. Decided February 21, 1939.

*R. E. Hughes,* for appellants.
*Frank C. Burdette,* for appellee.

MAXWELL, JUDGE:

The problem for decision is whether the plaintiff is the beneficial owner of designated real estate by virtue of a resulting trust asserted by him. From a decree in plaintiff's favor, this appeal is prosecuted by an opposing claimant of a fee simple interest in the property.

In 1920 the real estate in question, residential property in the town of Malden, was conveyed by Robert B. Putney and others to Susan E. Carter, wife of R. M. Carter, the plaintiff. The deed recites a consideration of $1100.00 paid in cash by the grantee. R. M. Carter, the plaintiff, and his wife occupied the property as their home until her death in 1929, and since that time he has remained in control of the premises. Mrs. Carter died intestate and without issue, survived by her husband and six brothers and the children of a deceased brother. In the bill of complaint the plaintiff alleges that the purchase price of the property was paid with his money and that none of it came from the means or personal effects of his wife; that subsequent to the acquisition of the property, he built a new house thereon and paid for the same with his own money; that his wife "recognized the fact that she was holding the property for the benefit of her said husband, and thoroughly agreed and understood that, in the event of her death before her husband, your Complain-

ant, the said property was to be, and become, the property absolutely of your Complainant." On this background of allegation, the plaintiff prays that the heirs of his deceased wife be decreed to hold the legal title in trust for the plaintiff, and that they be required to convey the title to him.

The plaintiff's prayer for relief is opposed by defendant, George A. Walker, Jr., who came into the case by petition, asserting title to an undivided five-sevenths interest in the Carter property, under devise from his uncle, Alvin A. Walker, who, it is alleged, inherited a one-seventh from his sister, Susan E. Carter, and acquired four-sevenths through conveyances from four of his brothers. Whether that deed was in fact operative there may be serious question respecting the interests of two of the grantors, Louis E. Walker and G. L. Walker, because these same two grantors joined with another brother, John W. Walker, in the execution of a quit-claim deed to the plaintiff, and that instrument was admitted to record almost two years before the recordation of the deed to Alvin A. Walker, through which latter deed the defendant, George A. Walker, Jr., traces title. But whatever may be determined hereafter as to the interests of Louis E. Walker and G. L. Walker, the record herein discloses that under the will of Alvin A. Walker, deceased, the appellant, George A. Walker, Jr., became vested with the one-seventh interest each of P. M. Walker, George A. Walker, Sr., and Alvin A. Walker. The appellant, therefore, has substantial basis for contesting the plaintiff's prayer for equitable relief.

The testimony adduced on behalf of the defendant is negligible, throws little light on the controversy, and need not be discussed.

The evidence for the plaintiff is meager, being composed merely of the testimony of himself and one other witness, Helen L. Putney. The plaintiff testified in conformity with the above recited allegations of his bill; further, that he has kept the property in repair and paid the taxes thereon; and that when, at an attorney's office, he delivered the checks for the purchase price of the

property and received the deed executed by the grantors to his wife, he stated to the attorney, in the presence of others: "I wanted to put it (the property purchased) in my wife's name; and if anything happened to me in the mine, she would have something to go on, and if she outlived me it would go to her; and if I outlived her it was to come back to me." He also testified that the two checks which he then delivered, each in the sum of $550.00, were executed by both himself and his wife; that though the money was solely his own, representing his earnings as a miner, it was kept on bank deposit to their joint account. He further testified that his wife was not present when the checks were delivered and the deed received. His witness, Helen L. Putney, one of the grantors in the deed to Susan E. Carter, was in the attorney's office when the checks were received and the deed delivered. She testified: "Well, Mr. Carter made the statement at the time that he was putting it in his wife's name so that if anything should happen to him it would be in her name, and if anything should happen to her it was to come back to him, in the presence of myself and Mr. Putney and Mr. and Mrs. Steinmetz."

It is a general rule that where a person pays the purchase money for land and title is taken in the name of another, a resulting trust arises in favor of the payor. *Currence* v. *Ward*, 43 W. Va. 367, 27 S. E. 329. But such trust is not created where the recipient of the title is the wife of him who paid the money. In such circumstances there is a presumption that a gift was intended by the husband to his wife. *Edwards* v. *Edwards*, 117 W. Va. 505, 185 S. E. 904. This, however, is a presumption of fact which may be rebutted by clear and convincing evidence. *Deck* v. *Tabler*, 41 W. Va. 332, 23 S. E. 721, 56 Am. St. Rep. 837.

When the plaintiff testified that the property was paid for with his individual money, though it was on deposit to himself and his wife jointly and she signed the purchase money checks along with him, he was testifying respecting a transaction with his deceased wife in a suit

against her heirs. Our statute, Code, 57-3-1, provides in part: "No party to any action, suit or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party or interested person derives any interest or title by assignment or otherwise, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination, deceased, insane or lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such person, or the assignee or committee of such insane person or lunatic." If the plaintiff's testimony in this particular had been timely objected to, it would necessarily be excluded, but there was no such objection. The competence of a witness to give material testimony must be raised in the trial court. *Willhide* v. *Biggs,* 118 W. Va. 160, 188 S. E. 876.

A more serious situation exists in respect of the statement above set forth which both the plaintiff and Mrs. Putney testified that he made when the checks were delivered and the deed received. That statement, made out of the presence of his wife, the grantee in the deed, was clearly an *ex parte* and self-serving declaration. Statements against interest may, of course, be considered in connection with the question of the beneficial ownership of property. *Cormerais* v. *Wesselhoeft,* 114 Mass. 550; *Crain* v. *Wright,* 46 Ill. 107. But no case has been found wherein approval has been given to the admission in evidence of a declaration of intent, inuring to the benefit of the declarant, made out of the presence of the party to be affected adversely thereby.

The evidence of the plaintiff and his witness, Helen L. Putney, is by no means clear and convincing, even if all of it were competent and could be considered in its entirety. In addition to the improper testimony that the plaintiff paid for the property, the most that the plaintiff and Mrs. Putney undertake to testify is that at the attorney's office, in the presence of witnesses, the plaintiff declared he was having the title placed in his wife's

name so that if anything happened to him, she would have a home, the title to go to her if she survived, and to revert to him if he survived her. That statement involves the essential thought of a fee simple estate in the wife, contingent upon her surviving her husband. That is far from the purpose which underlies a resulting trust. In such a trust there are no contingencies. There, the idea of variant or conditional devolution of property is excluded. Such situation is narrow. Either a resulting trust arises instantly; or it does not arise at all. There is no middle ground, and no room for contingency such as herein asserted by the plaintiff. The principle is clearly stated by Chancellor Kent in *Botsford* v. *Burr*, N. Y. Chancery Rep., 2 Johnson 405, 415. "The resulting trust, not within the statute of frauds, and which may be shown without writing, is *when the purchase is made* with the proper moneys of the *cestui que trust*, and the deed not taken in his name. The trust results from the *original transaction*, at the time it takes place, and at no other time; and it is *founded on the actual payment of money*, and on no other ground. It cannot be mingled or confounded with any subsequent dealings whatever. They are to be governed by different principles, and the doctrine of a resulting trust would be mischievous and dangerous, if we once departed from the simplicity of this rule."

For the reasons stated, we are of opinion that there is no sufficient basis on which to hold that a trust relation existed between the plaintiff and his wife with respect to the property mentioned.

Therefore, we reverse the decree and dismiss the case.

*Reversed and rendered.*