IN RE: WILL OF NICHOLIS WINZENRITH, ETC.

(No. 10147)

Submitted September 13, 1949. Decided October 18, 1949.

LOVINS, JUDGE, not participating.

*Sanders & Sanders, Hartley Sanders, William Sanders,* for plaintiff in error.

*Clark M. Thornton, W. Cody Fletcher,* for defendants in error.

FOX, JUDGE:

Edgar Winzenrith prosecutes this writ of error to a judgment of the Circuit Court of Mercer County, entered on the 30th day of December, 1948, refusing to admit to probate a testamentary paper, dated July 1, 1936, allegedly executed by Nicholis Winzenrith, as his last will and testament, probate of which was refused by the County Court of Mercer County by order dated October 11, 1948.

Before considering the questions raised on this writ, it is necessary to recite what transpired prior to the date when the testamentary paper above mentioned was presented to the County Court of Mercer County for probate as a will. It appears from the record that Nicholis Winzenrith, a resident of Mercer County, made a will dated July 15, 1932, by which he bequeathed and devised all of his property to his wife, Liza Winzenrith, and named her as executrix of his estate without bond. Nicholis Winzenrith died April 13, 1945, and his will, of July 15, 1932, was admitted to probate in the County Court of Mercer County, on May 29, 1945. The proceedings under which the said will was probated were *ex parte;* there was, so far as the record discloses, no contest of said will, either in the county court, or by a suit in equity, which, under

the statute, might have been instituted at any time within two years after the final order of probate was entered.

Liza Winzenrith, the devisee under the 1932 will, took possession of the property disposed of thereby, which consisted of Lots Nos. 9 and 10 of Section 16 of the Bee Addition to the City of Princeton, and she occupied this property until her death on April 8, 1948. There was born of the marriage of Nicholis Winzenrith and his wife three children, namely, William Winzenrith and F. L. Winzenrith; and Edgar Winzenrith, plaintiff in error herein.

The record discloses that on July 1, 1936, by testamentary paper bearing that date, but signed and witnessed on July 31, 1936, Nicholis Winzenrith made a new will by which he revoked all former wills made by him, and devised and bequeathed all of his estate, after payment of debts, to his son Edgar Winzenrith, plaintiff in error, to have and to hold in fee-simple forever; and appointed said Edgar Winzenrith executor of his last will, with directions that he be permitted to qualify as such without bond. This will was witnessed by James Harold Martin and C. B. Martin, both of whom testified in this proceeding.

It appears from the record that the will, dated July 1, 1936, was delivered to Edgar Winzenrith, then a child twelve years of age, who turned it over for safekeeping to one Meuriel Bowden. The will was not re-delivered to Edgar Winzenrith until after the death of his mother in April, 1948, after which date Edgar Winzenrith, on October 11, 1948, presented it to the County Court of Mercer County for probate. It appears that testimony was taken before the county court in respect to the execution of the will, and perhaps on questions pertaining to its probate, but whether there was a contest of the will in the county court is not disclosed by the record, and the testimony so taken is not a part of the record before us. The order refusing probate of the 1936 will was entered on October 11, 1948, and, following the entry of that order, Edgar Winzenrith filed his petition for an appeal to the Circuit

Court of Mercer County, which court granted such appeal, and held a hearing thereon, during which the testimony of the two subscribing witnesses, and that of Meuriel Bowden and Edgar Winzenrith, was taken, bearing on the execution and subsequent possession of the alleged will, and the reasons why it had not sooner been offered for probate. In the circuit court, Cecil Asbury and Clara Anders filed what they term their joint replication and answer to the petition for the appeal aforesaid, in which they alleged that they had furnished services and supplies to Liza Winzenrith during her lifetime, for which she had agreed to compensate them; and, in effect, that they had a creditor's claim against the estate of Liza Winzenrith which entitled them to intervene in the proceeding. The court permitted them to file their replication and answer, as well as an amendment thereto, and the petitioner demurred to both the original and amended answers. On December 30, 1948, the circuit court entered its final order in the case, overruling the demurrers to the answers of Asbury and Anders, and, after reciting and taking of evidence, introduced in open court in support of the petition, refused to probate the will dated July 1, 1936, and made this order:

"It is therefore, considered by the Court that a contest of the said will exists and that a trial by jury shall be had to determine if this is the true last will of the decedent, to all of which judgment the petitioner, by counsel, excepted."

We can only surmise the grounds upon which the County Court of Mercer County and the Circuit Court of said county refused to admit to probate, the will of July 1, 1936. But the answers of Asbury and Anders filed in the case set up the probate of the will of Nicholis Winzenrith, dated July 15, 1932, and its regular probate, in an *ex parte* proceeding; and, stated clearly, that more than two years had elapsed between the date of such probate and the presentation of the 1936 will offered for probate on October 11, 1948.

As stated above, we do not have before us the proceed-

ings before the county court in respect to the 1936 will; but the evidence introduced in the circuit court sufficiently establishes the proper execution of the 1936 will, and we are, therefore, led to assume that the grounds upon which the probate of that will was refused must have been the probate of the 1932 will referred to, and the absence, of any contest of that will, either in the county court, or by a suit in equity within the statutory period permitted by Code, 41-5-11. We are further supported in this view by the arguments of counsel in this case which is largely confined to the question of the legal effect of the probate of the 1932 will.

Sections 1, 2 and 3 of Article 5, Chapter 41 of the Code, covers the duty of a custodian of a will in respect to producing the same; defines the powers of a county clerk with respect thereto; and provides for a procedure to require the production of an existing will; but, so far as we know, there is no statute or rule of law which makes the failure to produce a will within any particular time, after the death of the testator, a ground of attack upon the will itself. In the case at bar, we are not met with a situation where the rights of third parties have intervened, unless it be the claims of persons claiming to be creditors of Liza Winzenrith. The property of which Nicholis Winzenrith died seized is intact, and the title thereto is now vested in either the heirs at law of Liza Winzenrith, or in the plaintiff in error, Edgar Winzenrith. We are not called upon to appraise a situation wherein the rights of innocent purchasers for value and without notice have become involved. We are confronted with the naked question of whether the probate of the 1932 will, which probate has become final, bars the probate of a later will, which, in its very terms, revokes the prior will.

A rather extensive study of this question has convinced us that the probate of the will dated July 15, 1932, although regular in every way and now final, cannot be asserted as a bar to the probate of the later will dated July 1, 1936. There is authority for the proposition that where two wills are executed, probate of both may be

had and both wills taken into consideration in the disposition of the testator's property. Of course, where the wills are wholly inconsistent, or, as in this case, the later will expressly revokes the former will, there can be no reconciliation of the two, and the final effect would be that the later will when probated, would destroy the effect of the former will, even though the former will had been duly admitted to probate. Furthermore, the time element is not considered of too great importance, for in cases where no question arises out of which principles of estoppel would apply, the beneficiary under the later will would not be barred from presenting the later will for probate. In *Wilson v. Wilson*, (Ky.) 221 S. W. 874, 10 A. L. R. 780, a will was admitted to probate which had been held for more than five years, and where the estate had been partially administered. See also *Cole v. Shelton*, (Ark.) 276, S. W. 993, 43 A. L. R. 1008.

This question was fully considered in *Schultz v. Schultz*, 10 Gratt. 358, decided in 1853, a leading case in Virginia, and one of the leading cases on the subject in the United States. We cannot do better than quote the statement and finding of the Virginia court as outlined in point 4 of the syllabus of that case:

> "S died in 1830, and a paper purporting to be his will, dated in 1818, was admitted to probat in the County court of Wood, and his widow qualified as executrix. In 1845, another paper purporting to be the will of S dated in 1828, was propounded for probat in the County court of Wood by a devisee therein, who lived out of the state and had not been within it until a short time before the paper was propounded for probat. The executrix of the first will appeared and contested the probat, and introduced in evidence the record of the probat of the first will. She objected that the County court had no jurisdiction to admit the second paper to probat, and therefore should not hear the evidence; but the court overruled her objection, and decided that the admission of the first paper did not preclude them from admitting the second; and that they would hear the evidence. At the next term of the court the evidence was heard, and the witnesses proved the

execution of the paper; and stated that they believed the testator to be of sound and disposing mind and memory. But the court rejected the paper and refused to admit it to probat; not stating the grounds of their decision. Upon appeal to the Circuit court, that court affirmed the sentence, not stating the grounds of its decision in its judgment, though in a written opinion filed in the papers, it is put on the ground that the County court had no jurisdiction to admit the paper to probat until the probat of the first paper had been set aside. HELD:

1. That the County court had jurisdiction to admit the second paper to probat or reject it at the time it was propounded for probat." * * *

The question was again passed on by the Supreme Court of Appeals of Virginia, in the case of *In Re Bentley's Will,* decided June 10, 1940, and reported in 175 Va. 456, 9 S. E. (2d) 308. In that case it was held:

"* * * the conclusiveness of the judgment of probate of an earlier will does not preclude the probate of a later will for the reason that, * * * the probate of the later will is not an attack on the judgment of probate of the earlier will."

And further holding, quoting in part from *Schultz v. Schultz, supra,* that:

"If after the probate of an earlier will a later will is found which 'contains an express clause of revocation of former wills, or contains a disposition of the estate incompatible with the provisions of the former, or from its general character may be inferred to be an entire new instrument, intended to supersede the former, the court of probat should receive and admit to probat, leaving it to have such effect as the law would necessarily attach to it', and that before probating the second will it was not necessary to file a bill in chancery under the statute to set aside the probate of the former will."

That case also held, in effect, that an application to probate a later will whose provisions are inconsistent with

those of a will previously probated, is not in effect a contest of an earlier will, within the meaning of section 5259 of the Code of 1936, and may be heard after the expiration of the statutory period for contesting the first will. There is no substantial difference in the statutory provision referred to above and our own statute respecting the probate of wills. To the same effect is the decision of the Supreme Court of Washington, *In Re Elliott's Estate, Frankfurt v. Elliott,* 156 P. (2nd) 427, decided in 1945. It was there held:

> "The offer to probate a later will does not constitute a 'contest of will' previously probated *within statute requiring contest to be instituted within six months immediately following probate of will.*"

This case refers to the case of *Schultz v. Schultz, supra.* See on this question 1 Harrison on Wills and Administration 244; 57 Am. Jur. 621; 2 Page on Wills 286; Annotations, 107 A. L. R. 254; *Burns v. Travis,* (Ind.) 18 N. E. 45.

It is held in some jurisdictions that there should be a revocation of the probate of a prior will before a later will can be probated. The case of *Conzet v. Hibben,* (Ill.) Ann. Cas., 1918A, 1197, supports this theory, and in *Watson v. Turner,* (Ala.) 8 So. 20, it was held that under a code provision which limited to five years from probate the time in which the validity of a will could be contested, a codicil which made dispositions of testator's property, essentially different from those of the will, could not be proved after the expiration of five years from the date of the probate of the will. But, in our opinion, these cases do not create a substantial conflict among the authorities, and the principle first announced in *Schultz v. Schultz, supra,* is generally recognized as sound, and we think applies to this case. This being true, both the County Court of Mercer County, and the Circuit Court of that county, erred in their refusal to admit to probate the will dated July 1, 1936, if that refusal was based upon the theory that the probate of the 1932 will, aforesaid, operated as a bar to the probate of the later will.

It is fundamental that the execution and probate of wills are governed by statutory law. We are only concerned here with the methods provided by law for the probate of wills. There are two methods by which a will can be probated. One is provided by Code, 41-5-5, which is known as procedure for probate in solemn form, and that proceeding requires the services of notice upon all interested parties, and, in substance, the formal trial of the case before the county court. Under our Constitution, Section 24 of Article VIII, county courts are given jurisdiction "in all matters of probate, the appointment and qualification of personal representatives, guardians, committees, curators, and the settlement of their accounts, * * *." This jurisdiction has been held to be exclusive in the county courts. *Stone v. Simmons,* 56 W. Va. 88, 48 S. E. 841; *Page* v. *Huddleston,* 98 W. Va. 104, 126 S. E. 579; *Nicklin v. Downey,* 101 W. Va. 320, 132 S. E. 735. Code, 41-5-7, contains a provision for an appeal from the ruling of the county court, and section 8 following provides for the hearing in the circuit court, and for a jury if one be demanded, and provides that if there be no demand for a jury the circuit court should proceed to try and decide the question of probate "and shall make and enter in relation thereto such final judgment or order as the law and the evidence may require." This is not treated as infringing upon the exclusive jurisdiction of county courts to probate wills, but as an exercise of appellate jurisdiction. *Hornbrook v. Lutz,* 66 W. Va. 39, 66 S. E. 10. When a will is probated under the procedure for probate in solemn form, with a right of appeal to the circuit court, that court furnishes the only tribunal before which the will may be contested. This is expressly provided in Code, 41-5-9, which reads:

> "Every such order or judgment of a county court not appealed from in proceedings for probate in solemn form, or in an ex parte proceeding which has been converted into a proceeding in solemn form by a contest therein, and every such order or judgment of a circuit court on appeal, shall be a bar to a bill in equity to impeach or

> establish such will, unless upon grounds which· would give to a court of equity jurisdiction over other judgments at law."

Of course, there may be a review of the circuit court's ruling in this Court.

There is another proceeding under which wills may be admitted to probate before the county court, or before the clerk of such said court·in vacation. Code, 41-5-10. That is known as the *ex parte* procedure to probate, and is the usual method followed in this State. Such probate can be had by the mere presentation of the purported will, with proof of the same in the manner and form required by the statute. This can be done by the clerk of the county court in vacation of that court, but must be confirmed by the court to make it valid and effective. Under this procedure, there may be a contest by any interested party, and if such a contest is made then it becomes, by force of the statute, a procedure for probate in solemn form, and there may be a full hearing. Any judgment entered by the county court in such proceeding shall have the same effect, and an appeal to the circuit court had, to the same extent as if the original proceeding had been instituted in solemn form. We assume that even in an *ex parte* procedure for probate, where there has been no appearance or contest, there may still be an appeal to the circuit court of the county, under the provisions of Code, 41-5-7, which provides that:

> "Any person feeling himself aggrieved by any order or judgment of the county court admitting or refusing to admit any will to probate may, within eight months, or, if such a person be under any disability within eight months after such disability ceases, file his petition in the circuit court of such county, or before the clerk thereof, appealing to the circuit court from such order or judgment, stating in the petition the grounds of appeal, and the parties interested in the probate of the will; * * *."

We cannot determine, from the record before us, whether the proceeding instituted in the County Court of Mercer

County in October, 1948, for the purpose of probating the 1936 will, was an *ex parte* proceeding in the first instance or otherwise; or, if *ex parte* in the beginning, was converted into a procedure for probate in solemn form. This is only important, as we see it, in connection with the statutory provision contained in Code, 41-5-11, which permits the institution of a suit in equity to impeach a will where the same has been admitted to probate in any *ex parte* proceeding. As indicated above, once the proceeding becomes one for probate in solemn form, there can be no later intervention by a court of equity, as a matter of right, under Code, 41-5-11, but only on such grounds as would authorize a court of equity to take jurisdiction to set aside or modify other judgments at law.

We have dealt with the procedures to probate a will, and the contest thereof, in some detail, because we think there should be a clear understanding of the procedure which litigants may invoke in the settlement of the main question. While we have indicated above that the probate of the 1932 will was not, in itself, a bar to the probate of a later will executed in 1936, other considerations which may hereafter develop may operate to warrant a court in holding that the 1936 will should not be admitted to probate. At present we see nothing in the record on which such action could be based; but we do not desire to foreclose the question.

In this situation, it would seem on first impression that the proper procedure would be to reverse the ruling of the Circuit Court of Mercer County in refusing to admit the 1936 will to probate, and direct that court to impanel a jury and determine, so far as it could do so, the question of the probate of the 1936 will; but it is important to know, and the record does not disclose, what was the character of the original proceeding before the county court to probate the 1936 will. Taking the case as a whole, we have concluded that the safe procedure, for all concerned, is to set aside the judgment of the Circuit Court of Mercer County in refusing to probate the 1936 will, and cause the proceeding to be remanded to the County Court of Mercer

County, with direction to set aside its order refusing to probate the 1936 will, and to then hear the matter of the probate of such will, either in a procedure to probate in solemn form, or as an *ex parte* proceeding, as the litigants may elect, or the county court may direct. In that way all parties would have the right to make their protests in the first instance, and obtain a hearing, first in the county court, and later in the circuit court on appeal, and with the understanding that if the proceeding, at any stage, be conducted as a procedure to probate in solemn form, the decision of the circuit court, either with or without a jury, will be final and binding, save and except the right of appeal to this Court.

We, therefore, reverse the judgment of the Circuit Court of Mercer County, remand the probate proceeding to that court, with direction that the same be remanded to the County Court of Mercer County, with direction to that court to set aside its order of October 11, 1948, refusing to probate the will of Nicholis Winzenrith, dated July 1, 1936, and, upon reasonable notice to interested parties, hear and determine the question of whether such will shall be admitted to probate as the last will and testament of the said Nicholis Winzenrith, and without regard to the probate of the former will of the said Winzenrith, dated July 15, 1932.

*Reversed and remanded.*