Finding no prejudicial error in the judgment of the circuit court, it is affirmed.

*Affirmed.*

HARRY L. NELSON

*v.*

ALICE NELSON RATLIFFE, *et al.*

(No. 10401)

Submitted January 15, 1952. Decided March 4, 1952.

*James S. Kahle,* for plaintiffs in error.

*Richardson, Hudgins* and *Hancock,* for defendant in error.

LOVINS, JUDGE:

Harry L. Nelson presented to the County Court of Mercer County a writing for probate as the last will and testament of Margaret L. Gilbert. Probate was opposed by certain heirs at law and distributees of the decedent upon the ground that the paper so presented was not effective as a will, having been revoked, and the county court refused to admit the same to probate. Nelson thereupon prosecuted a writ of error to the Circuit Court of Mercer County. The record does not disclose whether a writ of error was formally granted by the Circuit Court of Mercer County. That court, however, took cognizance of the writ and heard the proceeding without regard to the proceeding theretofore had in the county court.

Decedent died in March, 1949, leaving as her heirs at law and distributees Alice Nelson Ratliffe, Gertrude Nelson Peck, Sue Lipford, T. J. Nelson, Mose Nelson, O. L. Nelson, J. B. Nelson, Jr., George Peery Nelson, Theo Nelson, Woodrow Nelson, Aubrey Nelson, Noah Asbury, Charlie Asbury, George Asbury, Lonnie Asbury, Ray Nelson, Harry L. Nelson, Opal Nelson, Ruth Nelson Walk, Stella Nelson Rowland, Clara Nelson, Hazel Asbury Matthews, and Maude Asbury Morris.

Harry L. Nelson, hereinafter designated as "proponent" of the will, caused process to issue out of the Circuit Court

of Mercer County upon a petition filed by him in that Court. The process was returned executed by personal service as to some of the heirs at law and distributees of decedent; service was accepted by some of such heirs at law and distributees; and service was had on others by order of publication. Thomas J. Nelson, Gertrude Nelson Peck, Sue Lipford, Hazel Asbury Matthews, O. L. Nelson, Ruth Nelson Walk, Opal Nelson and Mose Nelson were represented by counsel at the hearing. The last two named persons are not parties to the writ of error granted by this Court. The six persons who are parties to the writ of error in this Court will be herein referred to as "defendants."

A jury was impaneled in the Circuit Court of Mercer County, and, after having heard the evidence and instructions of proponents and defendants, returned the following verdict: "We the jury find that the will of Mrs. Margaret L. Gilbert dated October 27, 1945, is the valid last will and testament of Mrs. Margaret L. Gilbert."

Defendants moved the court in arrest of judgment, and to set aside the verdict of the jury and grant them a new trial. The trial court overruled the motions and adjudged that the paper hereinafter set forth is the last will and testament of Margaret L. Gilbert.

The decedent executed a typewritten will on the 27th day of October, 1945, reading as follows:

### WILL OF MRS. MARGARET L. GILBERT

*I, Margaret L. Gilbert of Bluefield, West Virginia, do hereby make, publish and declare this my last will and testament in manner and form following:* [1/(FTB)]

*First: I direct that my funeral expenses and just debts be paid as soon as practicable after my decease.* [1/]

*Second: I give, devise and bequeath all the property of which I may die seized and possessed, both real and personal and wherever situate,* ~~to the~~

~~following relatives:~~ [Mrs. O. W. Ratliff ~~or heirs~~ to take care of me as long as may live.]

~~(a) One share to my sister, Alice Ratliffe, of Bluefield, West Virginia~~.
~~(b) One share to my brother, Mose Nelson, of Bandy, Virginia~~.
~~(c) One share to my nephew, Harry L. Nelson of Bluefield, West Virginia~~.

*Third: I hereby nominate, constitute and ap-*
[Mrs. O. W. Ratliff]
*point the ~~Flat Top National Bank of Bluefield, West Virginia~~, the executor of this my last will and testament.* [without bond or accountability]

IN TESTIMONY WHEREOF, I have hereunto subscribed my name at Bluefield, West Virginia, on this 27th day of October, 1945, in the presence of [(1)] ~~George W. Collins~~ and [(2)] ~~Luther G. Scott~~; [(3)] whom I have requested to become attesting witnesses hereto.

~~Margaret L. Gilbert~~

The foregoing instrument was subscribed, published and declared by Margaret L. Gilbert as and for here last will and testament in the presence of us, ~~both~~ [all 3] present at the same time, who, at her request, in her presence and in the presence of one another, have hereto subscribed our names as attesting witnesses on this 27th day of October, 1945.

[(1)] ~~George W. Collins~~
[(2)] ~~Luther G. Scott~~
[(3)]

Some time after the execution of the foregoing paper, the decedent who was then staying at the home of her sister, Mrs. Alice Nelson Ratliffe, called her nephew, J. Toy Nelson, to come and see her. The decedent told her nephew that she desired to make a new will, and handed him the will above set forth. On that occasion J. Toy Nelson made interlineations on the will as noted in brackets, and deleted or obliterated certain parts of it, as indicated by the broken lines through those parts. The part of the will which is italicized was underscored by the nephew in red. Some of the interlineations, obliterations, and

deletions were made in red pencil and some in ink. The signatures of decedent and the attesting witnesses were stricken with ink lines.

The nephew, testifying, denied that the decedent intended to revoke the writing bearing date the 27th day of October, 1945, and stated that he made the ink and pencil marks and interlineations for the purpose of memoranda to guide him in writing a new will for his aunt. A writing was prepared embodying the changes as shown on the writing hereinabove reproduced, but the new writing so prepared was never executed by the decedent.

The writing reproduced herein, according to the testimony introduced by the proponent, was placed under a mat on a buffet in the home of Mrs. Alice Nelson Ratliffe and remained there until after the death of the decedent.

Proof tendered by defendants comes from a former roomer at the home of the decedent and his attendant. Such proof tends to show that the decedent regarded the writing bearing date the 27th day of October, 1945, as having been revoked. There is proof indicating that the decedent was not treated very kindly by some of the beneficiaries named in the writing quoted above. The writing as originally written, without regarding interlineations or obliterations, was probated as the will of the decedent.

It is contended by the proponent that the revocation of the writing bearing date October 27, 1945, relates to and is dependent upon the execution of the new will by the decedent. Defendants contend that the will being in an obliterated or mutilated condition, the burden of proving the lack of revocation thereof is upon the proponent.

This record presents the following questions: (1) Was the testamentary writing bearing date October 27, 1945, revoked by the obliterations, deletions, and interlineations made thereon by decedent's nephew? (2) Did the court err in admitting improper evidence or rejecting proper evidence? (3) Did the court err in giving improper instructions or in refusing to give proper instructions?

(4) Should the court have given a peremptory instruction to the jury for either the proponent or the defendants?

This proceeding came to the Circuit Court of Mercer County by means of a writ of error, erroneously referred to in Code, 41-5-7, as an appeal. See *Ballouz* v. *Hart,* 96 W. Va. 580, 123 S. E. 402; *Miller* v. *Miller,* 117 W. Va. 138, 184 S. E. 246; *In Re Kneeream,* 119 W. Va. 25, 191 S. E. 867; *In Re: Long,* 122 W. Va. 473, 10 S. E. 2d 791; *Nelson* v. *Nash,* 126 W. Va. 568, 29 S. E. 2d 253. Such erroneous designation, however, is not considered material. ·*Ballouz* v. *Hart, supra.*

In going to the Circuit Court of Mercer County, the proponent of the will adopted the procedure provided for in Code, 41-5-7, which in substance provides for the filing of a petition in the circuit court stating the grounds of an appeal and giving the names of the parties interested in the probate of a will. That statute also provides for the issuance of process by the clerk of the circuit court "and the case shall be proceeded in, tried and determined in such court, regardless of the proceedings before the county court, and in the same manner and in all respects as if the application for such probate had been originally made to the circuit court."

The petition was answered by the defendants, the court apparently directed some sort of an issue, and the case seems to have been tried as an ordinary action at law. An issue of *devisavit vel non* is not mentioned in the record. But we think a discussion relative to such issue is pertinent in view of statements appearing in cases previously decided. In the case of *Woofter* v. *Matz,* 71 W. Va. 63, 67, 76 S. E. 131, the Court, in the body of the opinion, indicates that any person aggrieved by an order of the county court may have the right of appeal and contest the will on an issue of *devisavit vel non* in the circuit court. See *Dower* v. *Seeds,* 28 W. Va. 113, 137; *LaRue* v. *Lee, Executors, & c,* 63 W. Va. 388, 60 S. E. 388. We think the statement in the *Woofter* case is too broad. A person interested, who is not a party to probate proceedings in

the county court, may sue out an issue of *devisavit vel non* under Code, 41-5-11. Persons who are parties to a proceeding in a county court for probate of a will, either ex parte or in solemn form, as are some of the parties in the instant case, are precluded by the statute from availing themselves of the right to sue out an issue of *devisavit vel non.* Code, 41-5-11; *Powell* v. *Sayres,* 134 W. Va. 653, 60 S. E. 2d 740, 746. See *In Re Winzenrith's Will,* 133 W. Va. 267, 55 S. E. 2d 897, 903.

Defendants raise the question in this Court relative to the proof of execution of the will, contending that such proof was not forthcoming. The proponent of the will at the trial in the circuit court rested his case with proving the genuineness of the signature of the decedent, as well as proving the signature of Luther G. Scott, one of the attesting witnesses who is deceased. The other attesting witness, George W. Collins, was allegedly in the State of Alabama, and no effort was made to take his deposition. We have grave doubts whether the execution of the will was sufficiently proved, the proponent having the burden to establish that fact. *Canterberry* v. *Canterberry,* 120 W. Va. 310, 197 S. E. 809; *Payne* v. *Payne,* 97 W. Va. 627, 125 S. E. 818; Page on Wills, Second Edition, §671.

In the case of *Webb* v. *Dye, et als.,* 18 W. Va. 376, point four of the syllabus is as follows: "A will must be subscribed but need not be proven by two attesting witnesses." Subsequent cases decided in this jurisdiction have not departed from this holding. See *Freeman* v. *Freeman,* 71 W. Va. 303, 306, 76 S. E. 657; *Davis* v. *Davis,* 43 W. Va. 300, 302, 27 S. E. 323; *Coffman* v. *Hedrick,* 32 W. Va. 119, 128, 9 S. E. 65; *Jesse & als.* v. *Parker's Adm'rs. & als.,* 6 Gratt. 57; *Cheatham* v. *Hatcher, & als.,* 30 Gratt. 56. It seems that the reason underlying that principle is grounded on the theory that if the rule were otherwise an attesting witness, through forgetfulness or perjury, might defeat a testamentary disposition otherwise valid.

Proof as to the execution of the will leaves much to be desired but when it is considered that the recitals in the

certificate of attestation are proper to go to the jury on that question, *Webb* v. *Dye, supra;* 57 Am. Jur., Wills, §856; that there was no countervailing proof offered by defendants; and that the question was not raised and passed on in the trial court, we are disposed to treat any defect in the proof of the execution of the will as having been waived by the defendants.

A will or other testamentary paper may be expressly or impliedly revoked. A testamentary disposition of property may be impliedly revoked "by the testator, or some person in his presence and by his direction, cutting, tearing, burning, obliterating, cancelling or destroying the same, or the signature thereto, with intent to revoke." Code, 41-1-7. In all cases the intent of the testator to revoke a former disposition of property must be present or the physical acts mentioned in the statute will not operate as a revocation. *Canterberry* v. *Canterberry,* supra; Page on Wills, Second Edition, §772.

Dealing with the presumption arising in the case of a mutilated or obliterated will, defendants rely on the cases of *Cutler* v. *Cutler* (N. C.), 40 S. E. 689, and *McIntyre* v. *McIntyre* (Ga.), 47 S. E. 501. Those cases are cited in the case of *Canterberry* v. *Canterberry, supra,* for the proposition that a will having been in possession of the testator at the time of his death, in a mutilated condition, a rebuttable presumption arises that the testator mutilated parts of the testamentary paper with the intention of revoking the instrument. This presumption does not arise in the instant case. The record shows that the mutilated will was placed in the handbag of the testatrix at the time her nephew made the changes and brought the new will as written, but that later it was placed on a buffet in the home of Mrs. Alice Nelson Ratliffe under a mat and remained there until it was "brought out" after the death of the decedent. No proof is adduced to show that the testatrix had the will in her possession at all times from the time it was delivered to her by her nephew until her death. The *Canterberry* case is authority for the proposition stated in the third point of the syllabus in that case,

which is as follows: "In a suit to impeach a will, the burden of proving its execution rests upon the proponent. Upon the will having been established, however, the burden of proving its revocation devolves upon the contestant." The foregoing statement is in accord with the weight of authority. See Annotations, 165 A.L.R. 1188 et seq.

There is slight, if any, proof on the part of defendants showing any intent by the decedent to revoke her will at the time the interlineations and obliterations were made by her nephew. On the contrary, the nephew testified that the testatrix had no intent to revoke her will. True, she may have shown some animus toward her relatives, as evidenced by the testimony of Sangid and Farmer, but these facts are not sufficient to overcome the positive testimony of the nephew. Furthermore, the nephew testified that he obliterated the signature of the decedent of his own volition and not at her direction. See *Bell* v. *Timmins* (Va.), 58 S. E. 2d 55. In the instant case, the proposed will written by the nephew was never executed by decedent. Defendants having failed to establish revocation by a preponderance of the evidence, and the jury having found that no such revocation took place, we are not disposed to set aside that finding of fact.

As hereinabove stated, we are not required to rely on presumptions in this case, since we have the testimony of the nephew who made the interlineations, obliterations, and deletions in the original will of the decedent to the effect that no intent to revoke the same was had by the testatrix, or if she did intend to revoke it, that such revocation related to and depended upon the execution of the subsequent testamentary paper to be written by the nephew. Thus the proponent invokes the doctrine of "dependent relative revocation". In applying that doctrine, it has been held that "if a testator cancel or destroy a will, with a present intention to make a new will as a substitute for the old, and the new will is not made, or, if made, fails of effect for some reason, it will be presumed that the testator preferred the old will to an intes-

tacy, and this testament will be given effect." *McIntyre* v. *McIntyre, supra; Billington* v. *Jones* (Tenn.), 66 S. W. 1127, 56 L. R. A. 654. See 1 Jarman on Wills, Sixth Edition, Bigelow, 154 (119); 1 Page on Wills, Lifetime Edition, p. 873; 1 Harrison on Wills and Administration, §112; 57 Am. Jur., Wills, §514; Annotations, 62 A. L. R. 1367, 1401.

The defendants objected to the admission of the testimony of the proponent and Alice Nelson Ratliffe given in rebuttal. Objections to certain parts of the testimony with reference to personal transactions or conversation with decedent were sustained. The other testimony with reference to the visits made by Harry L. Nelson to the testatrix is immaterial. See Code, 57-3-1. *Willhide* v. *Biggs,* 118 W. Va. 160, 188 S. E. 876; *Carter* v. *Walker,* 121 W. Va. 81, 1 S. E. 2d 483.

Defendants objected to proponent's Instruction No. 2, which would have told the jury that the writing, dated October 27, 1945, was a valid last will and testament of the testatrix unless the jury believed that the testatrix had revoked the same. It further submitted to the jury the question of whether the marks were made upon the will with intent to revoke it, and that if such mutilation of the will was not made with such intent, the will was not revoked. We see no error in the giving of this instruction, and it is in accord with the law relative to revocations as previously discussed.

Proponent's Instruction No. 3 submitted to the jury the question whether decedent intended to revoke the will at the time the interlineations and mutilations were made by her nephew, and instructed the jury that the defendants had the burden of proving that the will was revoked. In view of what has been said above relative to the burden of proving revocation, we think that proponent's Instruction No. 3 states a correct rule of law.

We have carefully examined defendants' Instructions Nos. 2, 6, 7, 8, 9, and 11, and we see no error in the action of the court in refusing to give such instructions. We therefore think it is unnecessary to discuss in detail the

instructions tendered by the defendants and refused by the court. We advert, however, to defendants' Instruction No. 11, which would have told the jury that the testatrix was presumed to have authorized the deletion of her signature with intention of revoking the same. The only evidence on that question is to the contrary, as above noted.

A peremptory instruction for either the proponent or defendants would not have been proper in view of the fact that there was conflict in the testimony relative to revocation of the will.

No reversible error is disclosed by the record, and therefore the judgment of the Circuit Court of Mercer County is affirmed.

*Affirmed.*