[redacted]

**S. J. AINSWORTH et al., Appellants,**

**v.**

**Carrie AINSWORTH et al., Appellees.**

Court of Appeals of Kentucky.

March 9, 1956.

Rehearing Denied May 11, 1956.

[redacted]

Simpson & Ruark, J. D. Ruark, Morgan-field, for appellants.

W. J. Postlethweight, Marion, Waller, Threlkeld & Whitlow, Paducah, for appellee.

CAMMACK, Judge.

This action was instituted by the appellants to set aside certain deeds executed to the appellees by J. S. Ainsworth shortly before his death. The appellees are daughters of Ainsworth by his first wife. The appellants are Josie Ainsworth, from whom J. S. Ainsworth was divorced in 1935, and the children of that union.

In February, 1932, Josie and J. S. Ainsworth entered into a contract under which she relinquished all of her interest in his estate. The contract contained the following provision:

"This agreement shall not in any way affect the rights of the children of the parties to this contract in the settlement of J. S. Ainsworth's estate."

In March, 1932, a judgment was entered in the Crittenden Circuit Court in a divorce proceeding between the Ainsworths which approved the property settlement and dismissed the divorce action.

Shortly before his death in December, 1952, J. S. Ainsworth conveyed certain farms and cattle to the appellees. Under his will he left $50.00 to each of his children by Josie Ainsworth. He left other property to the appellees.

The appellants contend that the contract between Ainsworth and his wife, Josie, guaranteed all of his children an equal share in the distribution of his estate, and that he could not defeat the purpose of the contract by conveying, prior to his death, most of his property to the appellees. They ask that the agreement, as interpreted by them, be enforced, and that the conveyances in conflict therewith be set aside. The appellees, on the other hand, contend that the contract is clear and unambiguous, and literally means that the property settlement did not in any way affect the rights of the children in the settlement of J. S. Ainsworth's estate.

The trial judge concluded that the contract was not ambiguous. He construed it to mean that the children would all share equally in whatever estate Ainsworth left at the time of his death, and that it did not prohibit his right to dispose of his property during his lifetime; hence the appeal by Josie's children. The appellees have cross-appealed to protect their rights in the event that the judgment is interpreted by us to mean that Ainsworth could dispose of his property by gift, but not by will.

■ The appellants contend that the contract is at least ambiguous; and, therefore, they should be permitted to introduce extrinsic parol evidence to show what the parties to it intended. With this contention we agree. We think the contract lends itself to either of the respective interpretations urged by the parties. Hence, it is ambiguous, and upon a retrial of the case extrinsic parol evidence may be introduced to ascertain the intent of the parties to the instrument. See Hammon v. Kentucky Central Life & Accident Ins. Co., Ky., 289 S.W.2d 726.

■ If it is concluded that the contract was one by which Ainsworth agreed to devise his property in equal shares to all of his children, then it must be determined whether or not the subsequent transfers were, in effect, testamentary. We have held that a contract such as the one under consideration does not prevent the making of gifts during the lifetime of the promisor, but that such gifts must be "reasonable, absolute, bona fide, not testamentary in effect, and not made for the purpose of defeating the contract to devise, nor having such effect." Skinner v. Rasche, 165 Ky. 108, 176 S.W. 942, 944. See also Farmers Nat. Bank of Danville, Ky. v. Young, 297 Ky. 95, 179 S.W.2d 229.

■■ The appellees urge that the testimony of Josie Ainsworth, concerning the property settlement with her husband, should not be considered because it is rendered incompetent by KRS 421.210(2). That statute merely prevents, in certain instances, a person from testifying *for himself* concerning any transaction with a person deceased at the time the testimony is offered. It does not appear from the record that Josie Ainsworth has a direct, pecuniary interest in this suit so as to disqualify her as a witness on a retrial of this issue. See Arnold v. Arnold's Ex'x, 314 Ky. 734, 237 S.W.2d 58.

The judgment is reversed on the appeal, with directions to set it aside, and for proceedings consistent with this opinion. The judgment is affirmed on the cross-appeal.